ALONZO PATTERSON V. STATE OF NEBRASKA.

FILED JUNE 26, 1894.   No. 6075.

Criminal Law: EVIDENCE OF CHARACTER. Where a person accused of crime introduces evidence of his good character or reputation it is not competent for the prosecution to put in evidence specific acts tending to prove it to be bad. *Olive v. State*, 11 Neb., 1, followed.

ERROR to the district court for Custer county. Tried below before HOLCOMB, J.

*Greene & Hostetler*, for plaintiff in error.

*George H. Hastings, Attorney General*, for the state.

RAGAN, C.

Alonzo Patterson was convicted in the district court of Custer county of an assault with intent to commit rape. From the judgment pronounced against him upon such conviction he comes here on error. Of the errors alleged we notice only the following: On the trial Patterson introduced several witnesses whose testimony tended to show his previous good character or reputation for chastity. One of these witnesses, on cross-examination by the state, against the objection of Patterson, was permitted to testify that on the preliminary examination of the prisoner she heard a witness testify that Patterson had hired or attempted to hire him to get two negro wenches out in a cañon for him to have sexual intercourse with. This evidence was not only erroneous but highly prejudicial to the prisoner. In the first place it was not the best evidence of the alleged conduct of Patterson; and in the second place, this act of Patterson was not competent evidence against him in this case.

In *Olive v. State*, 11 Neb., 1, Olive was being tried for murder. During the trial a witness was called in his behalf and testified that Olive had the reputation of being a peaceable, law-abiding citizen. On cross-examination of this witness by the state he was asked if he had not heard of Olive having, on a certain occasion, drawn a revolver on someone, to which the witness gave an affirmative answer. The permitting of the witness to thus testify on cross-examination was assigned as error and the error sustained by this court. LAKE, J., delivering the opinion, said: "Where a person accused of crime introduces evidence of his good character or reputation it is not compe-

tent for the prosecution in reply to put in evidence particular facts tending to prove it to be bad." This case and the rule laid down therein are decisive of the one at bar. The judgment of the district court is reversed and the cause remanded with instructions to grant the plaintiff in error a new trial.

REVERSED AND REMANDED.